ALESSANDRO, d. b. a. LUCKY STAR CAFE, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5596.    Decided December 13, 1957.

Abraham L. Adelstein, Cleveland, for appellant-appellee. ·

William Saxbe, Atty. Genl., S. Noel Melvin, Chester Hummell, Asst. Attys. Genl., Columbus, for appellee-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By THE COURT.

On November 6, 1957, the Board of Liquor Control, appellee-appellant herein, hereinafter referred to as the Board, filed a motion for reconsideration of the judgment of this court entered herein on October 17, 1957, for the reason that the Department of Liquor Control is, by such judgment, ordered to issue to the appellant-appellee, Andre Alessandro, hereinafter referred to as the appellee, a D-5 permit, which order is contrary to law for the reason that said appellee had forfeited his right to have said permit renewed prior to the judgment entered herein from this court.

In essence, the Board claims that the appellee's failure to file a timely appeal from the rejection of his application for renewal on August 1, 1952, prior to the effective date for §119.121 R. C., made this case moot.

Counsel for Alessandro, in reviewing the record of this case from February, 1949, calls attention to the following two entries of the Board made on August 11, 1953:

"It appears to the Board that the above permit holder is presently

operating his business pursuant to an order of the Court of Common Pleas in Case No. 182,451, and that there is no Class D-5 permit now in effect at the above premises. It is therefore ordered and adjudged that the privileges of a Class D-5 Permit conferred upon the said permit holder by means of said court order be, and the same are revoked, effective September 4, 1953. The former order of revocation of the Board of Liquor Control made on February 10, 1949, is hereby affirmed."

"This cause came on to be heard on the appeal of Andre Allessandro. dba Lucky Star Cafe, 3842 Scoville Avenue, Cleveland, Ohio, from an order of the Department of Liquor Control rejecting an application for renewal of a Class D-5 permit, and the Board of Liquor Control having heretofore, to-wit, on August 11, 1953, in case No. 10318, ordered the within permit revoked and that consequently there is presently no permit in existence in the name of the appellant which can be renewed, it is ordered that the appeal be dismissed . . . ."

Counsel for Alessandro continues with the following argument:

"On August 28th, 1953, appellee herein appealed the order of the Board which revoked his D-5 Permit for a second time, by filing said appeal in the Common Pleas Court, case No. 188,202, which incidently is the case in which Judge Joseph Harter reversed the Board and ordered a Class D-5 Permit to be issued, which judgment this Court affirmed recently and appellee is now seeking a reconsideration.

"On September 4, 1953, appellee herein filed a Notice of Appeal from the order of the Board rejecting his application for a D-5 Permit, this case bears No. 188239 in the Common Pleas Court.

"It is noteworthy to follow the action of the department from this point. On November 19, 1953, the Board of Liquor Control through its counsel, the Attorney General of Ohio, filed a Motion with the Common Pleas Court in case No. 188,202 asking the Court to consolidate case No. 188239 (the appeal from the rejection of appellee's application for a D-5 permit) with case No. 188202 (the appeal from the second revocation of appellee's permit), 'for the reason that all actions concern the identical subject matter, involve the same party, and that party alone, . . .'. On January 13, 1954 the Common Pleas Court granted the motion to consolidate and used the language of the motion in its decree, which was journalized in Journal 396, Page 115.

"The proposition raised by appellant herein in its Motion For Reconsideration was never raised by the Department of Liquor Control when it received appellee's application for a D-5 Permit in July of 1953 and accepted the $1,000.00 fee for same, nor by the Board of Liquor Control in making both of its orders on August 11, 1953, the first in revoking the D-5 Permit and the second in dismissing the appeal of the appellee herein from the decision of the Department in rejecting his application for a D-5 Permit.

"The Attorney General of Ohio did not raise this question when case No. 188202 was first tried by Judge Harter on November 16, 1953, nor when the Board appealed his decision to this Court in case No. 5163, nor when appellee filed his motion to certify in the Supreme Court of Ohio.

"The Attorney General did not raise this question when Judge

Harter again reviewed the Board's decision on a remand from this Court on February 27, 1956, nor when the Board appealed Judge Harter's decision to this Court in the case at bar."

This argument is not without merit in view of the claim in Case No. 182451 that the original order of the Board in 1949 was fraudulently obtained by reason of false testimony and the subsequent motion by counsel for the Board to consolidate Case No. 188202 and Case No. 188239, which motion was granted by the Common Pleas Court.

The judgment of Judge Harter ordered and directed the Department of Liquor Control to issue to the appellee a class D-5 permit covering the permit premises "upon the payment of all permit license fees to date."

The Board set forth its assignment of errors in the instant case as follows:

"1. The lower court erred prejudicially in admitting into evidence as 'newly discovered evidence' documents which verified the conviction and commitment of officer Wayne P. Neal in 1953 for accepting a bribe.

"2. The lower court erred in not finding that the order of the Board revoking the permit involved in this cause was supported by 'reliable, substantial and probative evidence' as required by §119.12 R. C."

The questions raised by this motion for reconsideration were not presented to this court by any original assignment of error. Therefore, they will not be considered on a motion for reconsideration, and the judgment of the Common Pleas Court will again be affirmed.

Judgment affirmed.

PETREE, PJ, MILLER and HORNBECK, JJ, concur.